*130 MEMORANDUM **
Miguel Gaspar-Pascual Gaspar petitions [1] for review of the Board of Immigration Appeals’ (“BIA’s”) order dismissing his appeal from an immigration judge’s (“IJ’s”) order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. Because the BIA “reviewed the IJ’s decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ’s decision as the BIA’s.” Molina-Estrada v. INS, 293 F.3d 1089, 1093 (9th Cir.2002). We dismiss in part and deny in part.
The BIA dismissed Gaspar’s asylum petition as untimely. Though we may exercise jurisdiction over Gaspar’s claim that “extraordinary circumstances” excused his delay, see Dhital v. Mukasey, 532 F.3d 1044, 1049 (9th Cir.2008); Husyev v. Mukasey, 528 F.3d 1172, 1178 (9th Cir.2008), we reject his contentions. Gas-par’s lack of education, fluency in only his native dialect of Chuj, and ignorance of his right to asylum do not excuse his delay. See Antonio-Martinez v. INS, 317 F.3d 1089, 1093 (9th Cir.2003). Moreover, Gas-par intentionally delayed filing his asylum application because he simply did not see why it might benefit him. 8 C.F.R. § 1208.4(a)(5). We dismiss Gaspar’s asylum petition.
We review for substantial evidence the agency’s denial of withholding of removal. See Pedro-Mateo v. INS, 224 F.3d 1147, 1150 (9th Cir.2000). Substantial evidence supports the IJ’s conclusion that the single past incident of attempted recruitment by guerillas, after which Gas-par stayed in Guatemala for years without incident, did not rise to the level of persecution and was not based on a protected ground. See INS v. Elias-Zacarias, 502 U.S. 478, 481-84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Similarly, substantial evidence supports the IJ’s conclusion that, because country conditions had changed, Gaspar would not be persecuted if he returned to Guatemala. See Molina-Estrada, 293 F.3d at 1095-96. We therefore uphold the agency’s denial of withholding of removal.
Gaspar did not raise his CAT claim before the BIA or this court. It is therefore unexhausted and waived. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996).
PETITION FOR REVIEW DISMISSED in part and DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Gaspar petitions on behalf of himself and his minor son, whose petition is derivative of his.